**The TRAVELERS INSURANCE COMPANY, a corporation, et al.,**
**Plaintiffs,**

**v.**

**Herman ADLER, Deputy Commissioner United States Department of Labor, Bureau of Employees' Compensation, District of Columbia Compensation District, et al., Defendants.**

**Civ. A. No. 2408–63.**

United States District Court
District of Columbia.

June 8, 1964.

John P. Arness, Washington, D. C., Hogan & Hartson, Washington, D. C., for plaintiff.

Ellen Lee Park, Asst. U. S. Atty., Washington, D. C., for defendant Adler.

Martin E. Gerel and Joseph H. Koonz, Jr., Ashcraft & Gerel, Washington, D. C., for defendant Coston.

LEONARD P. WALSH, District Judge.

This matter comes before the court on cross motions for summary judgment. The Travelers Insurance Company filed a complaint to set aside Workmen's Compensation benefits awarded to defendant Evelyn B. Coston. Plaintiff subsequently moved for summary judgment on the ground that no material issues of fact are in dispute.

The United States Attorney for the District of Columbia also moved for summary judgment on behalf of the Defendant, Deputy Commissioner of the Bureau of Employees' Compensation.

■ It would appear that this is a proper case for summary judgment in that the primary question is whether the record supports the Deputy Commissioner's compensation award.

The facts, as adduced at the hearing and contained in the Deputy Commissioner's Findings of Fact, dated August 29, 1963, reveal that Evelyn B. Coston was employed by The Nut Shop from July, 1960 until April 22, 1961. In the course of her employment the employee was required to lift cartons which weighed between 10 and 30 pounds. Shortly after Thanksgiving Day in 1960 the employee experienced pain in the low back, which became progressively worse until she was finally forced to seek medical treatment on April 22, 1961. She subsequently underwent surgery for the removal of a disc and did not return to work.

The claimant orally reported the injury to the Compensation Bureau on May 12, 1961. The claims examiner notified the employer by letter on May 15, 1961. The employer's report of injury was received by the Deputy Commissioner on June 16, 1961, and the employee filed her claim for benefits on June 4, 1962.

Based on an investigation and hearing, the Deputy Commissioner awarded the claimant $2,256.63, and ordered that subsequent payments, based on her partial disability, be paid at the rate of $18.33 per week.

The plaintiff asserts that Section 13(a) of the Longshoremen's Act (33 U.S.C. § 913(a)) bars recovery by the claimant. The Section provides "[t]he right to compensation for disability under this Act shall be barred unless a claim therefor is filed within one year after the injury * * *".

Plaintiff further asserts that there is no evidence to support the finding that the injury occurred on April 22, 1961.

■ The facts here indicate that the injury was one of a progressive nature. It would also appear to be difficult to ascertain precisely when the injury did in fact occur. However, the fact that the employee continued to work until the pain necessitated a visit to the doctor on April 22, 1961, is significant as the Deputy Commissioner so found. He drew inferences based on the facts, and as the Supreme Court stated in Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 477, 67 S.Ct. 801, 806, 91 L.Ed. 1028 (1947):

"In determining whether a particular injury arose out of and in the course of employment, the Deputy Commissioner must necessarily draw an inference from what he has found to be the basic facts. The propriety of that inference, of course, is vital to the validity of the order subsequently entered. But the scope of judicial review of that inference is sharply limited by the foregoing statutory provisions. If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of

a belief that the one chosen by the Deputy Commissioner is factually questionable."

 The United States Court of Appeals for the District of Columbia Circuit has held that doubts should be resolved in favor of the employee. Robinson v. Bradshaw, 92 U.S.App.D.C. 216, 206 F.2d 435 (1953); cert. denied 346 U.S. 899, 74 S.Ct. 226, 98 L.Ed. 400.

In Todd Shipyards Corp. v. Donovan, 300 F.2d 741, 742 (5th Cir., 1962), the court held that it is the responsibility of the Deputy Commissioner "to select the more reasonable inference in the light of the evidence as a whole and the 'common sense of the situation.'" Citing Avignone Freres, Inc. v. Cardillo, 73 U.S.App.D.C. 149, 117 F.2d 385 (1940).

Clearly, the Deputy Commissioner was required to draw inferences due to the nature of the injury. These inferences are supported by the facts and are consistent with "the common sense of the situation." Although other inferences could have been drawn, they were not, and this court will not disturb the findings of the Deputy Commissioner.

■ It is true, the claimant did not file a written claim until June 4, 1962, more than one year after the injury on April 22, 1961. However, she did inform the Compensation Bureau of the injury on May 12, 1961. The employer was notified on May 15, 1961, but did not file his report of the injury until June 16, 1961.

Section 930(f), Title 33 U.S.Code, tolls the one-year statute of limitations of Section 913. Section 930(f) states:

" * * * Where the employer or the carrier has been given notice, or the employer * * * has knowledge, of any injury * * * and fails, neglects, or refuses to file report thereof as required by the provisions of subdivision (a) of this section, the limitations in subdivision (a) of section 913 of this title shall not begin to run against the claim of the injured employee * * * until such report shall have been furnished as required * * *".

The employee filed her claim on June 4, 1962, just prior to the expiration of the one-year limitation, which did not begin until the employer's report was filed on June 16, 1961.

Therefore, in accordance with the foregoing, it is this 8th day of June, 1964,

Ordered, that plaintiff's motion for summary judgment be, and the same hereby is, denied; and

Ordered, that defendant's motion for summary judgment be, and the same hereby is, granted; and it is further

Ordered, that the interlocutory injunction entered on December 24, 1963, staying payments of the accrued sum to the claimant, be and the same hereby is dissolved.

Counsel for defendant will submit findings of fact and conclusions of law.